00-7844

AO 243 (Rev. 5/85)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of Florida |
|---|---|
| Name of Movant <br> DAVID A. BATTINELLI | Prisoner No. <br> 41344-054 | Case No. <br> 07-6176-CR-HURLEY |
| Place of Confinement <br> FCI Ray Brook, New York 12977 | |

CIV - HURLEY

MAGISTRATE JUDGE

SORRENTINO

UNITED STATES OF AMERICA          V.          DAVID A. BATTINELLI

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  U.S. District Court, Southern District of Florida, West Palm Beach, FL

2. Date of judgment of conviction  October 23, 1998

3. Length of sentence  210 Months imprisonment

4. Nature of offense involved (all counts)  18 U.S.C. §§ 922(g) and 924(e);
   18 U.S.C. § 922(a) and 924(a)(6).


5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   n/a


6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

Rec'd / div  B/FTL
Case #  00-97-6176
Judge  DTKH    Mag CHS
Motn Ifp  N/A    Fee pd $  N/A
Receipt # _____

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court    U.S. Court of Appeals, Eleventh Circuit

(b) Result    affirmed

(c) Date of result    October 27, 1999, r'h denied December 10, 1999.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court    n/a

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Nature of proceeding

(3) Grounds raised

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.       Yes ☐ No ☐
(2) Second petition, etc.      Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____Ineffective Assistance of Counsel_____

_____

Supporting FACTS (state *briefly* without citing cases or law) _My lawyer did not_

advise me that I could have received a lesser sentence

by pleading guilty. Had I been competently advised on

this point, I would have plead guilty and enjoyed a three-

point reduction in offense level.


B. Ground two: _____Deficient Indictment_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _The indictment I was_

tried for did not specify that I had been convicted of

three or more prior violent felonies. The resultant

sentence is unlawful, as it exceeds the 120 months

maximum for the offenses of conviction.


C. Ground three: _____N/A_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

**D. Ground four:** _____ N/A _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

 12A: claim relied in matters outside the record (not appealable).

 12B: legal basis for claim did not yet exist.

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

 (a) At preliminary hearing _____ N/A _____

 (b) At arraignment and plea ___ Leon Watts, Fed. Public Defender, 400
Australian Ave. N. West Palm Beach, FL. 33401

 (c) At trial ___ Samuel Montesion, 1100 N. Olive Ave., West Palm Beach,
FL. 33401

 (d) At sentencing ____ " ___ " _____

_____

AO 243 (Rev. 5/85)

    **(e) On appeal** Timothy Cone, Fed. Public Defender, 150 W. Flager Street, Miami, FL. 33130

    **(f) In any post-conviction proceeding** _____N/A_____

    **(g) On appeal from any adverse ruling in a post-conviction proceeding** _____N/A_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

    **(a) If so, give name and location of court which imposed sentence to be served in the future:** _____N/A_____

    **(b) Give date and length of the above sentence:** _____N/A_____

    **(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?**
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
          **Signature of Attorney (if any)**

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_12-10-00_
   **(date)**

_____
          **Signature of Movant**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          )

            Respondent.          )

v.                                 )    Civil No. _____

DAVID A. BATTINELLI,               )    Crim. No. 97-6176-CR-HURLEY

            Petitioner.          )

_____

### MEMORANDUM IN SUPPORT OF
### MOTION UNDER 28 U.S.C. § 2255 To VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

PETITIONER DAVID A. BATTINELLI respectfully submits this memorandum of fact and law in support of his contemporaneously filed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody ("Motion"). Therein, he asserts two grounds for relief:  (1) that his Sixth Amendment right to effective assistance of counsel was violated by his attorney's failure to competently advise him on the consequences of a trial;  and (2) that his conviction under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), is unlawful. See Motion, ¶ 12(A) and (B).  As remedy, he seeks vacation of his conviction and an opportunity to plead anew.

### STATEMENT OF THE CASE

On October  , 1997, a federal grand jury sitting in the Southern District of Florida returned a six count indictment naming Petitioner in six counts.  Counts One through Four

alleged that Petitioner violated 18 U.S.C. §§ 922(g) and 924(e) by possessing a firearm while being a convicted felon. Counts Five and Six charged violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), making false and ficticious statements.

On August 11, 1998, a trial before a jury and Honorable Daniel T.K.Hurley, United States District Judge for the Southern District of Florida, resulted in finding of guilty on each count.

On October 23, 1998, Judge Hurley sentenced Petitioner to 210 months imprisonment, five years supervised release, and a $600.00 special assessment.

On October 27, 1999, the United States Court of Appeals for the Eleventh Circuit affirmed the judgement of the district court. A petition for rehearing and rehearing en banc was denied on December 10, 2000.

## STATEMENT OF FACTS

### A. The Offense Conduct.

The Presentence Report ("PSR") complied by U.S. Probation for sentencing in the criminal case at issue reports the offense as follows.*

> Alcohol, Tobacco, and Firearms (ATF) Special
> Agent (SA) Robert Smoren, conducted a routine
> search of the computerized pawn shop records
> maintained by the Broward Sheriff's Office,
> which revealed that the defendant, a convicted
> felon, had possessed and pawned firearms on
> three differant occasions.

---

* The facts of the offense are not disputed in this proceeding, and have no bearing on the merits of Petitioner's § 2255 motion. All facts referred to in this pleading are sworn to via the attached Declaration of David A. Battinelli, made pursuant to 28 U.S.C. § 1746.

On June 19, 1997, the defendant entered the Broward Pawn and Gun, 4004 SW 64th Avenue, Davie, Florida, a federally licensed firearms dealer, and pawned a Mossberg shotgun, model Maverick 88, 12 gauge, serial number MV03258E. The defendant presented a New York identification card and affixed his right thumbprint to the pawn slip.

On June 20, 1997, the defendant entered the Broward Pawn and Gun, and redeemed the Mossberg shotgun, 12 gauge, model Maverick 88, serial number MV03258E. The defendant completed the ATF Form 4473 stating that he was not a previously convicted felon. The defendant presented a Florida State Identification card.

On June 23, 1997, the defendant entered the Broward Pawn and Gun, and pawned a Mossberg shotgun, Model Maverick 88, 12 gauge, serial number MV03258E. He presented a Florida Identification Card and affixed his right thumbprint to the pawn slip.

On June 30, 1997, the defendant entered the Broward Pawn and Gun, and redeemed the Mossberg Shotgun, 12 gauge, model Maverick 88, serial number MV03258E. He completed the ATF Form 4473, stating that he was not a previously convicted felon. The defendant presented a Florida State Identification card.

On July 12, 1997, the defendant entered the Easy Cash Pawn and Jewelry, 525 N. State Road 7, Margate, Florida, and pawned a Mossberg shotgun, model Maverick 88, 12 gauge, serial number MV03258E, for $50. The defendant presented a Florida State Identification card for identification and affixed his right thumbprint to the pawn slip.

The defendant was a convicted felon, sustaining convictions on August 5, 1982, for Robbery, Docket Number 1984-81; on July 16, 1986, for Burglary 2nd Degree, Docket Number 2208-86; and on June 10, 1986, for Burglary 2nd Degree, Docket Number 5201-85.

On September 4, 1997, Special Agent Pamela Bradley, Interstate Firearms Nexus Expert, Bureau of ATF, stated that the Mossberg shotgun, model Maverick 88, 12 gauge serial number MV03258E, was manufactured in the state of Texas and that it traveled in interstate commerce.

On September 16, 1997, a fingerprint analysis was conducted, concluding that all fingerprints were made by the same individual, the defendant.

PSR, ¶¶ 4-12.

## B. Initial Proceedings.

Petitioner was arrested in his native New York City in February, 1998. After the case was transferred to the Southern

3

District of Florida, Petitioner was arraigned on February 20, 1998. Within a month, Assistant Federal Public Defender Leon Watts was assigned to represent him.

According to Petitioner, Attorney Watts advised him that the charges in the indictment carried with them a minimum term of 15 years imprisonment if Petitioner were convicted at a trial. When Petitioner asked if some sort of plea agreement could be worked out where a lesser term would be required, counsel told him that no such deal could be made.

In May, 1998, as trial approached, Petitioner's family became disenchanted with Attorney Watts' apparent lack of interest in the case. Advised by family members that they would assist Petitioner with the finances required to hire a retained attorney, Petitioner inquired with other pretrial detainees on the subject. He was not successful, and resorted to the Yellow Pages for a lawyer.

The lawyer he found was Samuel Montesino, whom Petitioner hired for the fee of $5,000.00. (Counsel would later complain to the Court that this low fee hamstrung his ability to conduct a defense, but did nothing to request funding for defense needs under 18 U.S.C. § 3006A(e). See Transcript of Sentencing, ("ST"), October 23, 1998, at --).

Petitioner asserts that his initial conversations with Attorney Montesino included a discussion about the possible penalties he faced at trial, and a renewed attempt to plead guilty. Counsel returned with the advice that the fifteen year term was "unavoidable," as it was mandated by statute, and that "even the government"

4

could not arrange a sentence that provided a benefit from pleading guilty. He told Petitioner that in light of this fact, he "might as well go to trial."

Petitioner asserts that he construed this comment to mean that there would be no benefit in pleading guilty; he asserts that at no time did counsel explain how the federal Sentencing Guidelines worked, in particular how it was possible to acrue a three point reduction in offense level for a timely plea of guilty. See U.S.S.G. § 3E1.1 (1995 ed. & 1998 Supp.). Petitioner asserts that his decision to go to trial was also affected by counsel's insistence that the government would have to prove that he physically possessed the weapon. Armed with this misinformation, Petitioner felt he had nothing to lose by going to trial.

## C. The Trial.

The government's case was straightforward. The owner of Broward Pawn & Gun testified that Petitioner had come into her shop and pawned a shotgun. Transcript of Trial ("T"), July 5-10, 1998, at 129-130.[*] She recalled that on one occasion Petitioner was accompanied by another man, but could not recall anything more than that Id., at 132-33. Another employee had similar recollection. T 172. Testimony was also given regarding the fact that Petitioner answered in the negative to pawn forms and firearms documents inquiring as to whether he had been convicted of a felony in the past. T 141, 146-51. On each occasion that Petitioner pawned and retrieved the shotgun he identified himself as the owner of the weapon.

---

[*] - Hereinafter, reference to the trial transcript will be made by the letter "T," followed by the corresponding page number, i.e., T 179.

Several facts were stipulated to during the government's case:  that Petitioner had been previously convicted of a felony, T 190, that the shotgun had travelled in interstate commerce, id., at 193, and that a thumbprint on the pawn forms belonged to Petitioner.  T 194.

The defense case was based on a claim that while it was Petitioner who signed the pawn forms, the shotgun was actually owned by his roomate, David Bonassin, and that Petitioner had never actually handled the weapon himself.  Mr. Bonassin testified at trial.  Introduced into evidence was a sales slip showing Mr. Bonassin's purchase of the shotgun, T 257, 274.  Mr. Bonassin testified that on each occasion that the shotgun was pawned or retrieved, he, not Petitioner, had handled it. T 257, 261.  He explained that the two men had been out of work at the time, and needed money to eat. T 258.  He claimed that Petitioner had signed the pawn forms because Mr. Bonassin did not have proper identification. T 258-66.

In addition, Attorney Montesino called as witnesses two defense investigators who testified that two weeks before trial, they were able to pawn and redeem a gun by having one person retain physical custody of the weapon while the other filled out the forms. T 214, 228-31.

During closing arguments, the prosecutor advocated a guilty verdict on a "constructive possession" theory, T 348-49, while the defense relied on a physical possession stance. Petitioner was quickly convicted by the jury.

6

## D. Sentencing.

The PSR set a base offense level of 24 for the offense and recommended a two level upward adjustment for obstruction of justice based on Mr. Bonassin's testimony at trial, which it deemed perjurious. PSR, ¶ 22. However, Petitioner's status as an "armed career criminal" under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 required a base offense level of 33. Given Petitioner's Criminal History Category of V, the guideline range established was 235-293 months imprisonment. PSR, ¶¶ 26, 69.*

Much of the sentencing concerned the recommendation of a obstruction of justice adjustment; in fact, prior to sentencing, the Court informed the parties of its intent to apply a two level enhancement on this basis. However, because of the armed career criminal enhancement, the Court found the point moot. Before sentence was imposed, Petitioner told the Court that "there was no criminal intent with this whole thing. We were in trouble, and we needed money, and I never thought this would be the outcome, and I am sorry to have caused anybody any problems." T 446.

The Court imposed a sentence of 210 months, the minimum allowed under the guideline range. T 453.

---

* - Conviction under 18 U.S.C. § 922(g), felon in possession of a firearm, requires automatic application of 18 U.S.C. § 924(e) and its fifteen years to life statutory range for an offender whose prior convictions include three or more crimes of violence. U.S.S.G. § 4B1.4 sets a guideline range accordingly. The convictions for the false statement offenses required lesser concurrent terms. Ultimately, after hearing evidence in various factors, the Court settled on a guideline range of 210-262 months T 442.

7

**E. The Appeal.**

Assistant Federal Public Defender Timothy Cone was appointed to represent Petitioner on direct appeal. He advanced a claim assigning error to the Court's instruction that conviction could be found under a "constructive possession" theory. The appeals court found no plain error. Additionally, counsel argued that it was clearly erroneous for the Court to have applied an obstruction of justice enhancement (apparently failing to comprehend that the adjustment has no effect on the sentence). This too was found meritless.

A timely petition for rehearing was denied.

## ARGUMENT

I.    **PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS ATTORNEYS' FAILURE TO COMPETENTLY ADVISE HIM ON THE CONSEQUENCES OF HIS DECISION WHETHER TO PLEAD GUILTY OR PROCEED TO TRIAL.**

Petitioner David A. Battinelli respectfully submits that becuase his Sixth Amendment right to effective assistance of counsel was violated by the advice of his attorneys on whether to plead guilty of proceed to trial, this Honorable Court should order vacatur of his convictions, and allow him an opportunity to plead anew. He submits that had he been properly advised on this subject, he would not have insisted on a trial and would have pleaded guilty to a lesser term of imprisonment.

### A. The Relevant Legal Standards.

Relief under § 2255 is reserved for those cases in which a miscarriage of justice has occured. Davis v. United States, 417 U.S. 333, 346 (1974). A conviction entered in the absence of effective assistance of counsel under the Sixth Amendment meets this standard; as it alleges the causing sentence was imposed "in violation of the Constitution" 28 U.S.C. § 2255.*

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-part test of Strickland v. Washington, 466 668 (1984). A petitioner must prove by a preponderance of the evidence that counsel's

---

\* First instance claims of ineffective assistance of counsel are properly asserted under § 2255 where they are based on matters outside the record and not appropriate for advancement on direct appeal. E.g., United States v. McKinney, 143 F.3d 325, 330 (7th Cir. 1998)(trial record sheds no light on tactical reasoning of counsel or extrajudicial factual allegations).

performance fell below an objective standard of reasonableness. Id., at 687-88; Hill v. Moore, 175 F.3d 915, 923 (11th Cir. 1998). If proven, inquiry focuses on whether there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Esslinger v. Davis, 44 F.3d 1515, 1529-30 (11th Cir. 1995). A "reasonable probability" is one sufficient to undermine confidence in the outcome. Id.

**B. Discussion.**

"[T]he decision whether to plead guilty or contest a criminal trial is ordinarily the most important single decision in a criminal case." United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998), citing Boria v. Keane, 99 F.3d 492, 496-97 (2d Cir. 1996)(quoting Anthony G. Amsterdam, Trial Manual 5 for the Defense of Criminal Cases (1998)), cert. denied, 117 S.Ct. 2508 (1997). In this case, Petitioner made this vital decision without the benefit of competent advice of counsel. Because this constitutional violation has resulted in Petitioner serving a sentence of imprisonment that is unneccessarily long, his conviction and sentence should be vacated.

(i) Counsel's Performance Was Below Professional Standards.

It is the duty of a criminal defense attorney "to advise his client fully on whether a particular plea so a charge appears desirable." Boria, 99 F.3d at 380; American Bar Association, Model of Professional Responsibility, Ethical Consideration 7-7 (1992). A chief component of this responsibility

10

is, obviously, "thorough investigation of law and facts relevant to plausible options." Strickland, 466 U.S. at 690. In the context of the preliminary decision whether to plead guilty or proceed to trial, a defendant "is entitled to rely on" counsel's "informed opinion [on] what plea to enter." von Moltke v. Gillies, 332 U.S. 708, 711 (1948). This is so because

> [e]ven the intelligent and educated
> layman has small and sometimes no
> skill in the science of law. If
> charged with a crime, he is incapable,
> generally, of determining whether
> the indictment is good or bad . . .
> He lacks the skill and knowledge
> adequately to prepare his defense,
> even though he has a perfect one.

Powell v. Alabama, 287 U.S. 45, 69 (1932). Cf. von Moltke, 332 U.S. at 721 ("Determing whether an accused is guilty or innocent of the charges in a complex legal indictment is seldom an easy task for a layman, even though acutely intelligent.").

These early cases are still good law today, because regardless of the evolotion of our criminal law the decision whether to plead guilty or proceed to trial is still, as mentioned above, generally the "most important" decision in any criminal case. Gordon, 156 F.3d at 380. When a criminal defense attorney fails to discharge his obligations to the client in regard to this decision, he or she has delivered deficient performance. "Effective assistance of counsel includes counsel's informed opinion as to what plea should be entered." United States v. Villar, 416 F.Supp. 887, 889 (S.D.N.Y. 1976)(cited in Boria, 90 F.3d at 53).

11

Eleventh Circuit case law covering the circumstances presented here is rather limited. In Smith v. Singletary, 170 F.3d 1051 (11th Cir. 1999), a state habeas petitioner raised a similar claim, that his lawyer was constitutionally deficient in advising him to forego a plea agreement in favor of a trial, on the basis that conviction at trial would not result in the application of a habitual offender provision. Id., at 1053. The state had offered a plea agreement waiving application of the provision, and counsel's advice that it could not be applied to his client proved to be erroneous. Id.

Habeas relief was denied. In the ensuing appeal, the court found that counsel's advice, erroneous as it was, did not amount to unreasonable representation, because at the time of the advice, Florida law was unsettled as to the mandatory nature of the habitual offender provision. While the law was later clarified in a manner contrary to counsel's advice, the court commented that "[t]he giving of advice that later is proven incorrect . . . does not necessarily fall below the objective standard of reasonableness." 170 F.3d at 1053.

However, the court did not exclude the possibility that a lawyers' affirmative misrepresentation - about the consequences of the various pleas available to a client could fill outside the wide range of competence tolerated under Strickland. In fact, it said point blank that "[i]gnorance of well-defined legal principles is nearly inexcusable." 170 F.2d at 1054.

12

_Cf._ _Cooks v. United States_, 461 F.2d 530, 532 (5th Cir. 1972) (counsel found ineffective where 10 year old Supreme Court precedent rendered his advice "unequivocally" erroneous).

Respectfully, if it is proven that Attorney Montesino's "no benefit" advice was predicated upon a lack of familarity with § 3E1.1, then his advice in this respect has to be regarded as "inexcusable" lawyering. While it is true that the Constitution does not demand perfect representation, it is fair to presume that basic command of the relevant law is required for constitutional representation. As one court put it, "[w]e cannot expect criminal defense lawyers to be seers, but we must demand that they at least apprise themselves of the applicable law and provide for their clients a reasonably accurate description of it." _Ostrander v. Green_, 46 F.3d 347, 355 (4th Cir. 1995). This meager expection was not met in Petitioner's case.

_Strickland_'s "strong presumption" in favor of competence, _Chandler v. United States_, 218 F.3d 1305, 1314 (11th Cir. 2000), cannot salvage counsel's performance here, if he did indeed misadvise Petitioner on an "unreasonable mistake of law." _Id._, at 1317 (citation omitted). [*] Quite simply "_no_ competent counsel would have" advised a client the way Attorney Montesino did. _Provenzano v. Singletary_, 148 F.3d 1327, 1332 (11th Cir. 1998). _Cf._ _Esslinger v. Davis_, _supra_, 44 F.3d at 1530 (counsel's ignorance of well-known habitual offender statute aeemed "simply unexcusable").

---

[*] - Petitioner asserts that Attorney Montesino admitted to him that he had "limited" federal experience. If true, then _Strickland_'s reasonableness presumption is futher eroded in this case. _Cf._ _Chandler_, 218 F.3d at 1316 (noting deference is connected with amount of attorney's experience).

If proven, Attorney Montesino's ignorance of how the guidelines apply in a case like Petitioner's qualifies as substandard representation under <u>Strickland</u>.

   (ii) <u>Counsel's Deficient Performance Prejudiced Petitioner</u>.

   To prevail on any claim of ineffective assistance of counsel claim, a "petitioner must show that 'there is a reasonable probability, that but for counsel's errors, the result of the proceeding would have been different.'" <u>Chandler</u>, 218 F.3d at 1313, quoting <u>Darden v. Wainwright</u>, 477 U.S. 168, 178 (1986). <u>Accord</u>, <u>Williams v. Taylor</u>, --- U.S. --- , 120 S.Ct. 1495, 1511 (2000)(reaffirming <u>Strickland</u> standard). In this particular context, it must be demonstrated that there is a reasonable probability that Petitioner "would . . . have pleaded guilty and would [not] have gone to trial." <u>Smith v. Singletary</u>, 170 F.3d at 1053 (alterations in original, citations omitted). Outcome determination is not the sole factor; "whether the result of the proceeding was fundamentally infair or unreliable" must also be contemplated. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993).

   Boiled to its essence, the prejudice question in this case must focus on (1) whether Petitioner would have pleaded guilty had counsel fully explained the guidelines impacting his "plea or trial" decision, and (2) if so, whether a lesser sentence would have resulted. <u>See</u> <u>Boria v. Keane</u>, <u>supra</u>, 99 F.3d at 497. This view is consistant with the Supreme Court's holding that remedies for constitutional violations "should be tailored to the injury suffered."

14

United States v. Morrison, 449 U.S. 361, 364 (1981).

Admittedly, the prejudice question in this case involves some speculation and is not an easy task.

> It is difficult for any court to determine
> in hindsight whether a criminal defendant
> would have plead guilty had he received
> competent advise from counsel.  However,
> that difficulty cannot restrict over analysis
> nor cause us to deny relief that is
> otherwise appropricate and required
> under the law.

Meyers v. Gillis, 142 F.3d 664, 669 (3d Cir. 1998).

Here the Court is faced with the unenviable task os assessing the credibility of Petitioner's claim that he would have pleaded guilty if competently advised.  Respectfully, though, the task is not much different than assessing similar allegations in cases where the accused did plead guilty, but claim he would have gone to trial if competently advised, as in Hill v. Lockhart, 484 U.S. 52 (1985).  Eleventh Circuit case law in that context is relevant here. In Towler v. Phillips, 979 F.2d 807 (11th Cir. 1992), the Eleventh Circuit reversed the denial of habeas relief and remanded for a hearing in a Hill claim, finding that if Towler's attorney did indeed misadvise him, the prejudiced would be established solely on Towler's allegation that he would have gone to trial. Id., at 814.  Relief was granted, outright, in Esslinger with little discussion as to the credibility of the Petitioner's claim that he would have gone to trial. 44 F.3d 1530.

It cannot be said that anything in the record of the case contradicts Petitioner's claim that he would have pleaded guilty

15

if competently advised. We must remember, his defense at trial was basically a "legal" one, focusing on whether he <u>physically</u> possessed the weapon.[*] He never denied pawning the weapon, and at sentencing he merely apologized and stated he intended no harm and had no "criminal intent." T 466. Respectfully, these comments are hardly of the type that contradict such claims. <u>Cf.</u> <u>Meyers v. Gillis</u>, 142 F.3d at 669 (examining record on <u>Hill</u> claim, finding information "that is consistent with Meyers' arguably self serving testimony").

As to whether a lesser sentence would have resulted, it is respectfully asserted here that there is certainly a "reasonable probability" that a timely guilty plea would have resulted in a lesser sentence. With an adjusted offense level at 33, a three point reduction under U.S.S.G. § 3E1.1 would have established a new offense level of 30. Applied to Criminal History Category V, the resultant range would have been 151-188 months. Given that Petitioner is presently serving 210 months imprisonment, the prejudice suffered by Petitioner is significant. Even with the 15 year mandatory minimum term for § 924(e) it is possible that a 30 month reduction in sentence could have resulted. Accordingly, the Court should deem counsel's failure to comprehend the

---

[*] - It could be said that the choice of this defense bolster's Petitioner's claim here, as it evidences a lawyer who apparently failed to understand the "dominion and control" theory of "possession." Petitioner alleges that had he been apprised that this type of possession amounted to a crime, he would not have insisted on a trial.

16

ramifications of Petitioner's plea or trial decision an instance of constitutionally deficient representation under Strickland.

**C. In The Event That The Court Finds Relief On The Papers Inappropriate, An Evidentiary Hearing Should Be Convened In This Matter.**

The text of § 2255 requires that an evidentiary hearing be convened unless the record of the case "conclusively shows" that the movant is entitled to no relief. 28 U.S.C. § 2255; Gallego v. United States, 174 F.3d 1196, 1198 (11th Cir. 1999). To earn a hearing, a habeas petitioner must "proffer evidence that, if true, would entitle him to relief." Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999).

Respectfully, if the Court decides that granting relief on the papers is inappropriate, then an evidentiary hearing should be convened in this matter. The factual allegations underpinning Petitioner's claim would, if proven, entitle him to relief, and, as mentioned above, there is nothing in the record that conclusively refutes his claim. Accordingly, a hearing should be convened in this matter.

17

II.  **THE FAILURE OF THE INDICTMENT IN THIS CASE TO SET FORTH ALL OF THE PRIOR CONVICTIONS USED TO ENHANCE PETITIONER'S SENTENCE PURSUANT TO 18 U.S.C. § 924(e) RENDERS THE SENTENCE UNDER THAT PROVISION JURISDICTIONALLY DEFICIENT.**

Petitioner respectfully submits that the failure of the indictment used to prosecute him in this case to set forth all of the prior convictions used as predicates for sentencing under 18 U.S.C. § 924(e), the "Armed Career Criminal Act," renders the sentence imposed under that statute jurisdictionally deficient, for failure to state an offense.

Admittedly, the U.S. Supreme Court's decision in <u>Apprendi v. United States</u>, 120 S.Ct. 1346 (2000), contains a "prior conviction" exemption to its general rule that any fact that increases the statutory maximum for an offense must be proved beyond a reasonable doubt.  <u>Id.</u>, at 1350.  Respectfully, though, Petitioner submits that the rationale used by the Court in reaching its decision requires that the same rule apply in the sentencing enhancement context.  Accordingly, the failure of the indictment in this case to plead the prior convictions used for enhancement, and the lack of a jury verdict as to the same, requires that Petitioner's sentence under § 924(e) be vacated, and that he be resentenced for the only crimes he was tried for, each of which carrying only a ten year maximum.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Petitioner David A. Battinelli respectfully submits that this Honorable Court would do substantial justice to VACATE Petitioner's convictions.  In the alternative, respectfully moves the Court to ORDER that an evidentiary hearing be convened in this matter, pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings.


Respectfully submitted,

_David A. Battinelli_

David A. Battinelli, pro se
Reg. No. 41434-054
FCI Ray Brook
P.O. Box 9008
Ray Brook, New York  12977

19

## DECLARATION OF DAVID A. BATTINELLI

I, DAVID A. BATTINELLI, being duly sworn according to law, hereby declare as follows:

1.  All facts contained in the foregoing memorandum are true to the best of my personal knowledge and understanding.

2.  On December 10, 2000, I placed an original and two copies of the foregoing Motion Under 28 U.S.C. § 2255 and attachmetns in a mailing envelope.  I affixed sufficient postage for first class, certified U.S. Mail, and addressed the envelope for delivery to the Clerk of Court, U.S. District Court for the Southern District of Florida, West Palm Beach, FL 33401.  On this same day, I placed that envelope in the box reserved for inmate mail at FCI Ray Brook.

SIGNED UNDER PAIN OF PERJURY, PURSUANT TO 28 U.S.C. § 1746, ON THIS _10th_ DAY OF DECEMBER, 2000.


_____
David A. Battinelli